IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. WILLIAMS and CONNIE M., WILLIAMS, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY; OCWEN LOAN SERVICING, LLC; FIDELITY MORTGAGE; and AMERICAN SECURITY INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 8-1160 |

AMBROSE, Chief District Judge

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Defendant, Allstate Insurance Company ("Allstate"), filed a Motion to Dismiss Count II of Plaintiffs' Amended Complaint. (Docket No. 17). Plaintiffs filed a Brief in Opposition thereto. (Docket 21). After careful consideration of the submissions by the parties, Allstate's Motion to Dismiss (Docket No. 17) is denied.

### I. Background

Plaintiffs' owned a residential piece of property in Mercer County, Pennsylvania. Insurance coverage on the property was maintained through Allstate. On May 5, 2006, Plaintiffs refinanced their property. On May 22, 2006, Plaintiff Connie Williams called the office of her Allstate Agent, Henry Cocain, to request an increase in their homeowner's coverage to $100,000.00. She spoke to his associate, Betty, who advised her that she would take case of the paperwork and that a bill reflecting the increased premium would be sent in the mail. On May 28, 2006, an electrical fire destroyed the house.

Count II of Plaintiffs' Amended Complaint asserts a claim for bad faith in connection with the insurance for the house and provides as follows:

> 19. Prior to the fire loss of May 28, 2006, defendant Allstate Insurance Company knew that the plaintiffs had refinanced the loan against their Old Bedford Road property and that the mortgage thereagainst had been reset at the sum of $76,000.00. Allstate knew, therefore, that the old coverage limit of $60,000.00 was insufficient to protect even the interest of the mortgage under the new mortgage.
>
> 20. When plaintiff Connie M. Williams called the Allstate agent on or about May 22, 2006 to request an increase in the homeowner's coverage on the Old Bedford Road property to $1000,000.00, Allstate should have processed same as a perfectly reasonable request given its knowledge that the mortgage amount had been reset at $76,000.00 and that the usual requirement of a 20% borrower's equity would put the fair market value and/or replacement cost at least $100,000.00.
>
> 21. Inasmuch as the Allstate agent with whom Connie Williams spoke when she called to request an increase in homeowner's coverage to $100,000.00 told her that the necessary paperwork would be taken care of, and that the bill for the increase in premium would be put in the mail, Allstate should be estopped from now denying that the increased coverage was put in place.
>
> 22. Defendant Allstate Insurance Company has acted in bad faith, in that, inter alia, it has made efforts only to interview the Allstate agent who spoke with Connie Williams by telephone and has made no effort to take the deposition of Connie Williams, and no effort to compare credibility between the two ladies.
>
> 23. Defendant Allstate's conduct, coupled with delay, demonstrates conscious disregard and indifference to the rights of the plaintiffs, and it shows a settled intent to use a yardstick other than good faith and fair dealing in adjusting the plaintiffs' claim.
>
> 24. Defendant Allstate's conduct constitutes bad faith toward the plaintiffs, its insured, within the meaning of Section 8371 of the Pennsylvania Judicial Code, 42 Pa. C.S. §8371.

(Docket No. 14, ¶¶19-24).

Allstate argues that Count II should be dismissed. (Docket No. 17). Briefing on the issue is now complete.

## II. Analysis

### A. Standard of Review

In ruling on a 12(b)(6) motion for failure to state a claim, I must accept all factual

2

allegations, and all reasonable inferences therefrom, as true and view them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 525 F.3d 224, 231 (3d Cir. 2008). Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Phillips*, 515 F.3d at 231. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal citations omitted).

With this standard in mind, I now turn to the issues of this case.

### B. Count II - Bad Faith, 42 PA. C.S. §8371

Plaintiff asserts that Defendant acted in bad faith in violation of 42 Pa.C.S.A. §8371. (Docket No. 14, Amended Complaint, Count II). Section 8371, does not define the term "bad faith." *Id.* Nevertheless, the Third Circuit has predicted that the Pennsylvania Supreme Court would define the term as set forth in *Terletsky v. Prudential Property and Casualty Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680 (1984). *Keefe v. Prudential Property and Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000). In *Terletsky*, the court defined "bad faith" as follows:

> "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty ( i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Terletsky*, 649 A.2d at 688, *quoting* Black's Law Dictionary 139 (6th ed.1990) (citations omitted).

Defendant argues that Count II should be dismissed because the "claim for statutory bad faith (Count II) involved alleged representations made regarding the amount of coverage under the Allstate Policy prior to Plaintiffs' claim for benefits and, therefore, cannot be the legal basis upon

3

which Plaintiffs' claim for bad faith is premised." (Docket No. 17, ¶12). Thus, Defendant's argument is based on the premise that Plaintiffs' claim for bad faith relates "*solely* to conduct preceding the sale of the Allstate policy...." *Id.* at ¶14 (emphasis added). After reviewing the Amended Complaint in the light most favorable to Plaintiffs, as I must at this stage, I disagree with Allstate. The allegations, as set forth above, do not relate solely to conduct preceding the sale of the Allstate policy, but rather involve events that occurred after a claim was made and how the claim was handled. *See,* Docket No. 14, ¶¶22-24. Consequently, Allstate's Motion to Dismiss Count II (Docket No. 17) is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. WILLIAMS and CONNIE M. WILLIAMS, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY; OCWEN LOAN SERVICING, LLC; FIDELITY MORTGAGE; and AMERICAN SECURITY INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 8-1160 |

AMBROSE, Chief District Judge

## ORDER

AND now, this __10th__ day of March, 2009, after carful consideration of Allstate Insurance Company's Motion to Dismiss Count II of Plaintiffs' Amended Complaint (Docket No. 17), said Motion (Docket No. 17) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge