IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID L. WILLIAMS and CONNIE M. WILLIAMS, )
)
)
Plaintiffs, )
)
vs. ) Civil Action No. 8-1160
)
ALLSTATE INSURANCE COMPANY; )
OCWEN LOAN SERVICING, LLC; )
FIDELITY MORTGAGE; and AMERICAN )
SECURITY INSURANCE COMPANY, )
)
Defendants. )

AMBROSE, Chief District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Defendant, American Security Insurance Company ("ASIC"), filed a Motion for Summary Judgment. (Docket No. 22). Plaintiffs filed a Brief in Opposition thereto. (Docket 30). Defendant, ASIC, filed a Reply Brief. (Docket No. 32). After careful consideration of the submissions by the parties, ASIC's Motion for Summary Judgment (Docket No. 22) is denied without prejudice

**I.    Procedural Posture**

The above captioned matter was removed to this court on August 20, 2008. (Docket No. 1). After the filing of a Motion to Dismiss by Defendant, Allstate Insurance Company ("Allstate") on September 18, 2008(Docket No. 6), Plaintiff filed a Motion to Amend /Correct Complaint. (Docket No. 12). Leave was granted to filed an Amended Complaint (Docket No. 13), and the Amended Complaint was filed on December 23, 2008. (Docket No. 14). On January 6, 2009, Defendant, Allstate, filed a Motion to Dismiss the Amended Complaint. (Docket No. 17). On March 10, 2009, this court denied the Motion to Dismiss. (Docket No. 29).

An initial case management conference was held on March 6, 2009. (Docket No. 26). All discovery is set to conclude on August 6, 2009. (Docket No. 27).

Prior to the Case Management Conference, on January 30, 2009, Defendant, ASIC, filed a Motion for Summary Judgment. (Docket No. 22). A Response to the Motion for Summary Judgement was filed by Plaintiffs on March 18, 2009. (Docket No. 30). Defendant, ASIC, filed a Reply Brief on March 24, 2009. (Docket No. 32).

## II.  Relevant Background

Plaintiffs owned a residential piece of property in Mercer County, Pennsylvania. On May 28, 2006, an electrical fire destroyed the house. The only count in the Amended Complaint against Defendant, ASIC, is a claim for declaratory relief seeking a declaration of apportionment for the fire loss claim. (Docket No. 14, Count III). Defendant, ASIC, has filed a Motion for Summary Judgment seeking a declaration that there is no coverage for the loss at issue under Defendant, ASIC's, policy and that the Amended Complaint against Defendant, ASIC, be dismissed. (Docket No. 26).

## II.  Analysis

### A.  Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light

most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id*. at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting, Celotex*, 477 U.S. at 322.

With this standard in mind, I now turn to the motion.

### B. Discussion

The entire premise of Defendant, ASIC's, Motion for Summary Judgment revolves around the theory that "[i]t is clear from the averments of the Amended Complaint that Plaintiffs are seeking solely a declaration of coverage under the ASIC policy and are not averring that ASIC failed to issue the policy as requested by[, Defendant,] Ocwen." (Docket No. 22, ¶7). In making this assertion, Defendant, ASIC, is referring to insurance policy No. ALR7231582117 with the

period of coverage commencing on May 31, 2006. (Docket No. 22, ¶6). I disagree with Defendant's couching of Plaintiffs' claim against it. A review of the Amended Complaint reveals that Plaintiffs are asserting Defendant, Ocwen, placed forced fire insurance coverage with Defendant, ASIC, on May 11, 2006. (Docket No. 14, ¶¶29-30). As a result, Plaintiffs are not referencing policy No. ALR7231582117, but the forced insurance coverage placed on May 11, 2006. Consequently, Defendant, ASIC's, Motion for Summary Judgment is misplaced.[1]

Therefore, summary judgment is not warranted on this basis. Thus, Defendant, ASIC's, Motion for Summary Judgment (Docket No. 22) is denied, without prejudice.

---

[1]The Response to the Motion for Summary Judgment filed by Plaintiffs' counsel attaches an attorney affidavit. (Docket No. 30-2). Defendant, ASIC, argues that the affidavit is defective as to the requirement of Fed.R.Civ.P. 56(e) in that it is not based on personal knowledge and that it is hearsay and, thus, I should not consider it. (Docket No. 32, pp. 1-2). I disagree. The affidavit is based on Mr. Bartholomew's personal knowledge of a conversation with Mr. Hinckley, Ocwen's representative. Furthermore, it is well-established in this jurisdiction that the nonmoving party does not have to produce evidence in a form that would be admissible at trial to avoid summary judgment. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990), *citing Celotex*, 477 U.S. at 324. Instead, the court must be satisfied that the nonmoving party's evidence is capable of being reduced to admissible evidence at trial. *J.F. Feeser, Inc.*, 909 F.2d at 1542. Discovery had begun less than 20 days prior to Plaintiffs filing the affidavit. At that time, Plaintiff had not yet secured the deposition of Mr. Hinckley, but was intending on taking the same. (Docket No. 30-2, ¶11). Thus, I am satisfied that the statements of Mr. Bartholomew may be reduced to admissible evidence. Consequently, I will consider the affidavit of Mr. Bartholomew.

In consideration of the same, even if I did not deny Defendant, ASIC's, Motion for Summary Judgment as misplaced, I would still deny it because I find the affidavit of Mr. Bartholomew creates a genuine issue as to whether Owcen placed forced insurance coverage with Defendant, ASIC, prior to May 28, 2006, the date of the fire loss.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. WILLIAMS and CONNIE M. WILLIAMS, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY; OCWEN LOAN SERVICING, LLC; FIDELITY MORTGAGE; and AMERICAN SECURITY INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 8-1160 |

AMBROSE, Chief District Judge

## ORDER

AND now, this 23rd day of April, 2009, after carful consideration of Defendant, American Security Insurance Company's, Motion for Summary Judgment (Docket No. 22), said Motion (Docket No. 22) is denied without prejudice.

It is further ordered that a summary judgment schedule will be issue after the conclusion of discovery at the settlement conference set for August 10, 2009, at 9:15 a.m.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge